

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| EAG | *271 Cadman Plaza East* |
| F. #2018R01021 | *Brooklyn, New York 11201* |

May 28, 2021

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>United States v. Philip Lombardo</u>
       <u>Criminal Docket No. 19-442 (S-1) (BMC)</u>

Dear Judge Cogan:

   The government respectfully submits this letter in connection with the sentencing of the defendant Philip Lombardo, which is currently scheduled for June 9, 2021. At the proceeding on May 19, 2021, the defendant represented through counsel that the dealership where he worked had tacitly condoned his pursuit of a kickback from John Doe #5. The government subsequently spoke with a representative from the dealership who made clear that the dealership was not aware of the kickback and would have frowned on one had it known of it.[1]  In addition, the government notes that when Lombardo was arrested, Lombardo waived his <u>Miranda</u> rights and agreed to speak with the government. During that time, Lombardo acknowledged that he was aware of the contract between the dealership and John Doe #5 and expressly denied asking John Doe #5 for a referral fee, casting doubt on his claim that the referral fee itself was legitimate. In light of the information set forth herein, the government respectfully submits that notwithstanding the defendant's claims through counsel to the contrary, a preponderance of evidence shows that the dealership did not tacitly condone his asking John Doe #5 for a referral fee. Moreover, as the government stated at the

---

   [1] At the appearance on May 19, 2021, the Court also questioned who would have been responsible for any damage to the vehicles had the defendant followed through on his threat to have the cars set on fire. The government obtained an unsigned copy of the contract between the dealership and John Doe #5, and it appears that John Doe #5 was responsible only for damage caused by John Doe #5's negligence.

proceeding on May 19, 2021, there is no dispute that the dealership did not condone his use of extortionate means to collect the referral fee.

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney

By:  /s/ _____
Elizabeth Geddes
Assistant U.S. Attorney
(718) 254-6430

cc:  Clerk of the Court (BMC) (by ECF)
John Murphy, Esq. (by ECF)

2